UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RODRICUS D. WHITESIDE,

        Petitioner,

                                      CASE NO. 05-CV-73534-DT
v.                                    HONORABLE PAUL D. BORMAN

KENNETH MCKEE,

        Respondent.

                                    /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.     Introduction**

Rodricus Whiteside ("Petitioner"), a state prisoner presently confined at the Bellamy

Creek Correctional Facility in Ionia, Michigan, has filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional

rights.  Petitioner pleaded *nolo contendere* to armed robbery and felony firearm in the Genesee

County Circuit Court and was sentenced to consecutive terms of 12 ½ years to 30 years

imprisonment and two years imprisonment on those convictions.  In his pleadings, Petitioner

raises claims concerning the propriety of his sentence.  For the reasons stated below, the Court

denies the petition for writ of habeas corpus.  The Court also denies a certificate of appealability

and leave to proceed on appeal *in forma pauperis*.

## II.      Facts and Procedural History

Petitioner's convictions arise from his armed robbery of a woman named Nanette

Simpson on June 25, 2003 in Mt. Morris, Michigan.  On February 25, 2004, Petitioner pleaded

*nolo contendere* to armed robbery and felony firearm in exchange for the dismissal of charges of

conspiracy to commit armed robbery, felonious assault, and carrying a concealed weapon.

Following a hearing on March 19, 2004, the trial court sentenced him to 12 ½ to 30 years

imprisonment on the armed robbery conviction and to a consecutive term of two years

imprisonment on the felony firearm conviction.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of

Appeals asserting the following claims:

> I.      The trial court reversibly erred in scoring 10 points on OV-4, in scoring 10
> points on OV-10, and in scoring 10 points on OV-14.
>
> II      The trial court violated the U.S. and Michigan Constitutions in sentencing
> him to a prison term of 12 ½ years to 30 years on the armed robbery
> conviction.

The Michigan Court of Appeals denied the application for lack of merit in the grounds presented.

*People v. Whiteside*, No. 255751 (Mich. Ct. App. July 26, 2004).  Petitioner filed an application

for leave to appeal with the Michigan Supreme Court raising the same claims, as well as the

following claim:

> He was denied his United States Constitution rights under the Sixth Amendment
> trial by jury clause to an accurate fact finding hearing when his plea, standing
> alone, supported a minimum sentence range of 81-135 months in prison but the
> trial court imposed a minimum sentence of 150 months on facts that were not
> supported by the preliminary exam transcripts but were determined by the court's
> probation officer of the Michigan Department of Corrections.

The Michigan Supreme Court denied leave to appeal in a standard order.  *People v. Whiteside*,

472 Mich. 879, 693 N.W.2d 821 (2005).

Petitioner thereafter filed the instant habeas petition asserting the following claims:

I       The trial court violated the U.S. and Michigan Constitutions in sentencing him to a prison term of 12 ½ years to 30 years.

II.      He was denied his U.S. Constitutional rights under the Sixth Amendment trial by jury clause to an accurate fact finding hearing when his plea, standing alone, supported a minimum sentence range of 81-135 months.

Respondent has filed an answer to the petition contending that the claims should be denied as unexhausted, non-cognizable, and/or for lack of merit.

## III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of

facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d

667, 671 (8ᵗʰ Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6ᵗʰ Cir. 1998).

**IV.    Analysis**

I.    First Sentencing Claim

Petitioner first asserts that he is entitled to habeas relief because the trial court imposed a sentence at the high end of the guideline range. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6ᵗʰ Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6ᵗʰ Cir. 1995). It is well-established that habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6ᵗʰ Cir. 1987).

Petitioner is also not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not

require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261. Petitioner was sentenced to 12½ years to 30 years imprisonment on his armed robbery conviction. The sentence was within the guideline range, as well as the statutory maximum of life imprisonment. *See* Mich. Comp. Laws § 750.529. The trial court acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted on this claim.

II.      Second Sentencing Claim

Petitioner next asserts that he is entitled to habeas relief because his sentence violates his Sixth Amendment jury trial right where his plea only supports a minimum sentencing range of 81 to 135 months. Petitioner challenges the scoring of sentencing variables OV-4, OV-10, and OV-14 in making this claim.

To the extent that Petitioner challenges the scoring of his sentencing guidelines, he is not entitled to relief from this Court. A claim that the state sentencing guidelines were incorrectly scored fails to state a claim upon which federal habeas relief can be granted. *See, e.g., Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner also cannot prevail on a claim that he is entitled to habeas relief because the trial court relied upon facts not presented at the guilty plea hearing in imposing his sentence in violation of the Sixth Amendment. *See Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated defendant's Sixth Amendment right to trial by jury). *Blakely* involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 470 Mich. 715, 730 n. 14, 684 N.W.2d 278 (2004) (citing Mich. Comp. L. § 769.8). The minimum sentence for a defendant is based on the applicable sentencing guidelines ranges. *Id.* Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255 n. 7, 666 N.W.2d 231 (2003) (citing Mich. Comp. L. § 769.34(2)). The trial judge sets the minimum sentence, but can never exceed the statutory maximum sentence. *See Claypool,* 470 Mich. at 730 n. 14. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09.

In *People v. Drohan*, 475 Mich. 140, 160-64, 715 N.W.2d 778 (2006), the Michigan Supreme Court recently held that Michigan's indeterminate sentencing scheme does not offend the Sixth Amendment right to trial by jury because a defendant is always subject to the statutory maximum sentence for purposes of *Blakely* and the Sixth Amendment does not entitle a defendant to a sentence below the statutory maximum. Because *Blakely* does not apply to

7

indeterminate sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines did not violate Petitioner's Sixth Amendment rights.  *See Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *George v. Burt*, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005).  Habeas relief is not warranted on this claim.

Lastly, Petitioner is also not entitled to habeas relief on any claim that the trial court relied upon erroneous information at sentencing.  A sentence may violate due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct.  *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing).  To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information.  *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).  Petitioner has made no such showing.  The record reveals that the sentencing court considered the facts and circumstances of the crime, the pre-sentence report, and other permissible factors.  Petitioner had an opportunity to contest the accuracy of the pre-sentence report, the scoring of the guidelines, and other sentencing factors.  Petitioner has not shown that the state court relied upon materially false or inaccurate information which he had no opportunity to correct.  Habeas relief is thus not warranted on such a basis.

**V.      Conclusion**

Having reviewed the record, this Court finds that the state courts' denial of relief in this case is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  The Court thus concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.

For the reasons stated *supra*, this Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims.  No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH**

**PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave

to proceed on appeal *in forma pauperis* is **DENIED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 1, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
November 1, 2006.


s/Denise Goodine
Case Manager